UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES, ex rel.<br>  THARIUS DOWELL | CIVIL ACTION |
| VERSUS | NO. 08-4740 |
| ANTHONY PENN, METRO DISPOSAL, INC.<br>  AND KENNETH JOHNSON | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is "Defendant Penn's Motion to Dismiss Plaintiff/Relator's Amended *Qui Tam* Complaint" (Rec. Doc. 45). As stated herein, **IT IS ORDERED** that the motion is **DENIED IN PART AND GRANTED IN PART**. To clarify certain factual matters, **IT IS FURTHER ORDERED** that Relator, Tharius Dowell, shall file an amending and superseding complaint no later than twenty (20) days from the entry of this Order and Reasons.

## BACKGROUND

With his motion, Defendant Penn seeks dismissal of the claims asserted against him pursuant to the False Claims Act ("FCA"), 31 U.S.C. §3729(a), *et seq.* In short, Relator contends that Defendants Penn and Johnson conspired to fraudulently procure a subcontract between Defendant Metro Disposal, Inc. ("Metro"), for whom Penn worked, and KCJ Enterprises, which was

owned and operated by Johnson, for storm debris removal.[1] According to Relator, Metro hired KCJ upon Penn's recommendation; he further alleges that Penn "directed" Johnson, his brother-in-law, to submit the required paperwork, on behalf of KCJ, to obtain a sub-tier contract with Metro.[2] As required by the United States Army Corps of Engineers' solicitation and prime contract, certain text of Federal Acquisition Regulation (F.A.R.) 52.203-7, Anti-Kickback Procedures (July 1995), was included in the subcontract entered into by Metro and KCJ.[3] As alleged by Relator,[4] and admitted by Penn as part of a related guilty plea,[5] however, KCJ (at Johnson's direction) thereafter made kickback payments to Penn from the monies that KCJ received from its contract with Metro.

In this suit, Relator goes one step beyond the parameters of Penn's criminal proceeding by alleging that, as of the time KCJ entered into the subcontract with Metro, Penn and Johnson (on behalf KCJ) had no intention of complying with requirements of Federal Acquisition Regulation (F.A.R) 52.203-7. Based on this allegation, Relator contends that Penn should bear FCA liability for fraudulent inducement. Penn's motion seeks dismissal of these claims under Rules (9)(b) and 12(b)(6) of the Federal Rules of Civil Procedure.

---

[1] The subcontract in question is for removal of storm debris in the New Orleans area caused by Hurricane Katrina. The United States Army Corps of Engineers awarded the prime contract to Phillips and Jordan, Inc., which entered into a number of subcontracts, including one with Metro.

[2] See Amended Complaint (Rec. Doc. 37), at ¶11.

[3] *Id.* at ¶¶ 7-8.

[4] *Id.* at ¶ 13.

[5] See *United States of America v. Anthony Penn*, Criminal Action No. 13-15, Sect. "K", Eastern District of Louisiana, Rec. Doc. 33.

2

## LAW AND ANALYSIS

### I. Legal Principles

Claims brought under the FCA must satisfy the pleading requirements of Rules 8(a) and 9(b) of the Federal Rules of Civil Procedure. *See, e.g., United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1998). Rule 8 requires that complaints provide a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Proc. 8(a)(2). Although a complaint does not need "detailed factual allegations, . . . more than labels and conclusions are necessary, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (internal citations and quotations omitted); *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Similarly, in evaluating motions to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also Iqbal,* 556 U.S. at 678 ("tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 557); *see also Christopher v. Harbury*, 536 U.S. 403, 416 (2002) (elements of a plaintiff's claim(s) "must be addressed by allegations in the complaint sufficient to give fair notice to a defendant").

Further, to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* Factual allegations that are "merely consistent with a defendant's liability, stop short of the line between possibility and plausibility of entitlement to relief," and thus are inadequate. *Id.* (internal quotations omitted). Rather, a complaint's allegations "must make relief plausible, not merely conceivable, when taken as true." *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 186 (5th Cir. 2009).

"Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (internal citations omitted). *See also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) (degree of required specificity depends on context, *i.e.*, the type of claim at issue). And, in evaluating motions to dismiss filed under Federal Rule of Civil Procedure 12(b)(6), the Court "must accept all well-pleaded facts as true, and . . . view them in the light most favorable to the plaintiff." *Campbell v. Wells Fargo Bank, N.A.,* 781 F.2d 440, 442 (5th Cir.), *cert. denied,* 476 U.S. 1159 (1986). Further, "[a]ll questions of fact and any ambiguities in the controlling substantive law must be resolved in the plaintiff's favor." *Lewis v. Fresne,* 252 F.3d 352, 357 (5th Cir. 2001). Nevertheless, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – "that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 678 (quoting Fed. Rule Civ. Proc. 8(a)(2)).

In addition to Rule 8(a)(2)'s pleading demands, Rule 9(b) supplements Rule 8(a), if fraud is alleged, by requiring circumstances allegedly constituting fraud be stated with particularity.

4

*See* Fed. R. Civ. Proc. 9(b); *Grubbs,* 565 F.3d at 185.[6] Thus, Rule 9(b) generally requires the plaintiff to set forth the "who, what, when, where, and how" of the alleged fraud." *See, e.g., United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 266 (5th Cir. 2010); *see also Sullivan v. Leor Energy, LLC,* 600 F.3d 542, 550-51 (2010) (claimant must "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent").

Significantly, however, courts must realistically observe that "there is no single construction of Rule 9(b) that applies in all contexts." *Grubbs*, 565 F.3d at 188. Indeed, the Fifth Circuit has explained that the "'time, place, contents, and identity' standard is not a straitjacket for Rule 9(b)." *Id.* at 190. "Rather, the rule is context specific and flexible and must remain so to achieve the remedial purpose of the False Claim Act." *Id.* Thus, for instance, with a FCA "presentment claim," brought pursuant to 31 U.S.C. §3729(a)(1)(A), a relator's complaint may survive, even absent allegations of the details of an actually submitted false claim, *e.g.,* billing numbers, dates, and amounts, "by alleging particular details of a scheme to submit false claims paired with reliable indicia that lead to a strong inference that claims were actually submitted." *Id*.

On the other hand, a relator cannot bypass Rule 9(b)'s pleading requirements simply by premising its allegations "on information and belief." *Thompson,* 125 F.3d at 903. To the contrary, though fraud may be alleged on information and belief if the "facts relating to the fraud are peculiarly within the perpetrator's knowledge," the complaint nevertheless "must set forth a factual basis for such belief." *Id.*

---

[6] "Malice, intent, knowledge, and other conditions of a person's mind", however, "may be alleged generally." See Fed. R. Civ. Proc. 9(b).

## II. **Application of Legal Principles**

Having carefully reviewed the parties' submissions and applicable law, the Court, on the showing made, finds Relator's allegations satisfy the requirements of Rules 8(a), 9(b) and 12(b)(6) for pleading a fraudulent inducement claim under the FCA[7] – specifically, 31 U.S.C. §3729(a)(1)(B)(2009) and 31 U.S.C. §3729(a)(3)(2008).[8] In reaching this conclusion,

---

[7] FCA fraudulent inducement liability exists "when the contract under which payment is made was procured by fraud." *United States ex rel. Longhi v. United States*, 575 F.3d 458, 467-68 (5th Cir. 2009)(quoting *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.,* 336 F.3d 375, 384 (5th Cir. 2003) (citing *Harrison v. Westinghouse Savannah River Company*, 176 F.3d 776, 787 (4th Cir. 1999)). "Under a fraudulent inducement theory, although . . . 'subsequent claims for payment made under the contract were not literally false, [because] they derived from the original fraudulent misrepresentation, they, too, became actionable false claims.'" *Longhi*, 575 F.3d at 468 (quoting *United States ex rel. Laird v. Lockheed Martin Eng'g & Science Servs. Co.*, 491 F.3d 254, 259 (5th Cir. 2007) (citing *United States ex rel. Marcus v. Hess*, 317 U.S. 537, 543-44 (1943)).

[8] Relator's complaint purports to assert substantive and conspiracy claims under 31 U.S.C. §3729(a) of False Claims Act. The statute, which was amended in 2009, presently provides in pertinent part:

> **31 U.S.C. §3729 (a) Liability for certain acts.**
>
> **(1) In general.** Subject to paragraph (2), any person who--
>
> **(A)** knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;
>
> **(B)** knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim;
>
> **(C)** conspires to commit a violation of subparagraph (A), (B), (D), (E), (F), or (G);
>
> * * *
>
> is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, as adjusted by the Federal Civil Penalties Inflation Adjustment Act of 1990 (28 U.S.C. 2461 note; Public Law 104-410), plus 3 times the amount of damages which the Government sustains because of the act of that person.

See 31 U.S.C. §3729(a).

Prior to the 2009 amendment, the statute provided, in pertinent part:

> **31 U.S.C. §3729 (a) Liability for certain acts.**
> Any person who--
> (1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
> (2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
> (3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
>
> * * *
>
> "is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person, except that if the court finds that[.]

Regarding the application of the 2009 amendment, the enacting legislation provides:

> "The amendments made by this section [amending this section and 31 U.S.C.A. §§ 3730 to 3733] shall take effect on the date of enactment of this Act [May 20, 2009] and shall apply to conduct on or after the date of enactment [May 20, 2009], except that –
>
> "(1) subparagraph (B) of section 3729(a)(1) of title 31, United States Code, as added by subsection (a)(1) [amending subsec. (a) of this section], shall take effect as if enacted on June 7, 2008, and apply to all claims under the False Claims Act (31 U.S.C. 3729 et seq.) . . . that are pending on or after that date[.]

See Fraud Enforcement and Recovery Act of 2009, Pub. L. 111-21, § 4(f), May 20, 2009, 123 Stat. 1617, 1625 (2009); see also *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 267 n. 1 (5th Cir. 2010) (§ 3729(a)(1)(B) applies retroactively to all claims pending on or after June 7, 2008, i.e., just before the Supreme Court's decision in *Allison Engine Company. v. United States ex rel. Sanders*, 553 U.S. 662, 665 (2008)); see also S. Rep. No. 111–10, at 10 (2009), reprinted in 2009 U.S.C.C.A.N. 430, 437-38, 2009 WL 787872, *10-12 (expressing legislative intent to overrule *Allison Engine*).

    In *Steury,* the Fifth Circuit, addressing the retroactivity of 31 U.S.C. §3729(a)(1)(B)(2009), construed the word "claims" in the amending legislation to mean judicial "complaints." See *Steury,* 625 F.3d 267 n. 1; see also *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 360 n. 6 (5th Cir. 2014). Here, Relator's original complaint was filed on October 26, 2008, but the relevant

the Court emphasizes that, in this instance, the key *disputed* issues concern matters of knowledge and intent, which are not required to be plead with particularity, and that the *undisputed* facts do not necessarily preclude the existence of a kickback agreement between Penn and Johnson (on behalf of KCJ) as of the time that Metro and KCJ contracted. Furthermore, this determination is being made at the pleading stage and, as such, is without prejudice to Defendant Penn's ability to obtain judgment in his favor by motion for summary judgment, by another properly filed and supported motion, or by prevailing at trial.

Despite denying Penn's motion, in part, the Court finds certain factual matters set forth in Relator's amended complaint nevertheless warrant clarification. Specifically, the total amount alleged to have been paid as kickbacks to Penn, and whether this sum is alleged to have been taken from KCJ's or Metro's profit, require clarification.[9] Additionally, certain paragraphs of the amended complaint appear to reference the relevant year(s) incorrectly.[10] Accordingly, no later than

---

conduct occurred prior to May 20, 2009. Thus, the Court finds the 2009 amendment applicable to Relator's assertions regarding any liability to be imposed under §3729(a)(1)(B)(2009); otherwise, Relator's FCA claims are governed by the 2008 version of the statute. Given the narrow interpretation of then §3729(a)(1) and (a)(2) in *Allison Engine Company* and *United States of America, ex rel. Totten*, and that KCJ neither directly contracted with, nor was paid directly by, the Army Corps of Engineers, it is not apparent to the Court that Relator would be eligible for relief under §3729(a)(1). See *Allison Engine Company,* 553 U.S. at 670-72 and n.1; *United States of America, ex rel. Totten v. Bombardier*, 380 F.3d 488, 492-93 (D.C. Cir. 2004). Accordingly, to the extent that Relator seeks relief under 31 U.S.C. §3729(a)(1), Penn's motion is granted relative to that aspect of Relator's claim(s).

[9] The amended complaint appears to allege that KCJ paid $255,059.03 from the monies it received from Metro, whereas Defendant Penn's reply references an "overpayment" by Penn, on behalf of Metro, to KCJ in the amount of $222,260.00. See, e.g., Amended Complaint (Rec. Doc. 37) at ¶¶ 13 and 15; Reply Memorandum (Rec. Doc. 50), pp. 2.

[10] See, e.g, Amended Complaint (Rec. Doc. 37) at ¶ 12 ("KCJ's work on the load and haul sub-tier contract [for Hurricane Katrina debris] began in approximately early April 2005."); ¶13 ("On or about July 12, 2005, after KCJ's start up costs during the first few weeks under the [2006] sub-tier contract had leveled off. . . . .").

twenty (20) days from the entry of this Order and Reasons, Relator must file a second amended and superseding complaint that includes all of the allegations from Relator's original and first amended complaints on which Relator continues to rely, as well as the ordered clarifications and/or corrections, such that the case can proceed on the basis of the second amended and superseding complaint without requiring further reference to the original or first amended complaint.

## CONCLUSION

As stated herein, **IT IS ORDERED** that the motion to dismiss presently before the Court is denied in part and granted in part. Additionally, the amendments ordered by the Court are to be made, in accordance with the Court's instructions stated above, no later than twenty (20) days following entry of this Order and Reasons.

New Orleans, Louisiana, this 23rd day of September 2014.

**KURT D. ENGELHARDT**
**United States District Judge**